Alexandre SEMENOV, Petitioner,

v.

IMMIGRATION AND NATURALIZATION SERVICE, Respondent.

No. 03–4174–AG NAC.

United States Court of Appeals, Second Circuit.

Nov. 16, 2005.

Andre R. Sobolevsky, New York, New York, for Petitioner.

Stephen J. Murphy, United States Attorney for the Eastern District of Michigan, Jennifer Peregord, Detroit, Michigan, for Respondent.

PRESENT: WALKER, Chief Judge, CALABRESI, and POOLER, Circuit Judges.

### SUMMARY ORDER

Alexandre Semenov, a native of the U.S.S.R. and a citizen of Kazakhstan, petitions for review of the BIA's December 20, 2002, order affirming the decision of an Immigration Judge ("IJ") that rejected Semenov's claims for asylum and withholding of removal. Semenov alleges that he was persecuted because of his Jewish faith, and that he has a well-founded fear of returning to Kazakhstan. The IJ found Semenov credible, but denied his claims for relief. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

Where, as here, the BIA affirms without opinion the IJ's decision, this Court reviews the decision of the IJ directly. *See Twum v. INS*, 411 F.3d 54, 58 (2d Cir. 2005). This Court reviews an IJ's application of law to fact *de novo, see, e.g., Secaida–Rosales v. INS*, 331 F.3d 297, 307 (2d Cir.2003), and the IJ's factual findings under the substantial evidence standard, overturning them only if any reasonable adjudicator would be compelled to conclude to the contrary, *see* 8 U.S.C. § 1252(b)(4)(B); *Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 (2d Cir.2004).

The IJ found Semenov's testimony credible, but she erred in not making a specific finding of whether Semenov demonstrated past persecution. Moreover, the IJ also erred in proceeding to analyze his claim of a well-founded fear of persecution without having determined whether Semenov had demonstrated past persecution and, therefore, on which party the burden of proof rested with regard to future persecution.[1] *See* 8 C.F.R. § 1208.13(b)(1)(i)-(ii).

---

1. If Semenov did demonstrate past persecution, then the presumption arises that he has a well-founded fear based on his original claim of persecution. *See Ramsameachire*, 357 F.3d at 178. To rebut this presumption, the government would have to establish, by a

In his testimony, Semenov related specific incidents that were accepted as credible and that, upon analysis, might well demonstrate that he suffered past persecution on account of his religion or political opinion. For example, the actions taken by the police during the November 1991 incident, which involved threats, beatings, and imprisonment, and which were followed by the refusal of appropriate medical care as well as threatening letters and phone calls, appear to have been motivated by Semenov's Jewish faith and might well rise to the level of persecution. The May 1992 incident, which involved several Muslim men on a bus, also appears to have been motivated by Semenov's religion. Although the men in the May 1992 incident do not appear to have been government officials, this incident still might qualify as persecution if the government was unable or unwilling to control their actions. *See* 8 U.S.C. 1101(a)(42); *Sotelo–Aquije v. Slattery*, 17 F.3d 33, 37 (2d Cir.1994). Further, the threat of incarceration for his participation in the May 1992 demonstration in Almaty might have been based on Semenov's political opinion; this threat might also be judged to rise to the level of persecution. In fact, the IJ indicates that, had she analyzed these incidents around the time they occurred, she might have found persecution, albeit based on a well-founded fear: "[Semenov] might have been able to sustain his burden of proof with regard to ... a well-founded fear of persecution at the time he departed Kazakhstan."

Because of the above errors in the IJ's reasoning, we grant the petition, vacate the BIA's decision, and remand to the BIA for further proceedings in accordance with this decision.

preponderance of evidence, a fundamental change in circumstances such that Semenov no longer has a well-founded fear of persecution in Kazakhstan or that he could avoid persecution by relocating to another part of the country if it would be reasonable to expect him to do so. *See* 8 C.F.R. § 1208.13(b)(1)(i)-(ii).